UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMUNICATIONS SUPPLY CORP.,

    Plaintiff,

v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY *et al.*

    Defendants.
_____/

Case No. 17-cv-11200
Hon. Matthew F. Leitman

## ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR SUBSTITUTED SERVICE UPON DEFENDANT SONK DATA PRODUCTS, INC. (ECF #9)

On April 17, 2017, Plaintiff Communications Supply Corporation ("CSC") filed this action against Defendants Philadelphia Indemnity Insurance Company and Sonk Data Products, Inc. (*See* Compl., ECF #1.) On April 26, 2017, CSC successfully served Philadelphia Indemnity. (*See* Certificate of Service, ECF #7.) CSC has not been able to successfully serve Sonk Data Products, Inc. ("Sonk").

On May 17, 2017, CSC filed an *ex parte* motion in which it requests that the Court allow it to serve Sonk via substituted service. (*See* ECF #9.) In CSC's motion, it explains that it twice attempted to serve Sonk with service of process at Sonk's "registered office address" – which is also the residential address that belongs to Sonk's registered agent Hugh Sonk – but that its process server was unsuccessful.

1

(*Id.* at ¶2, Pg. ID 63.) In an amended affidavit supporting Sonk's motion, its process server averred that:

> On 4/24/17 at 11:50 a.m., I attempted service on [Sonk] at the registered office address, 505 East Huron, Ann Arbor, MI – a residential condominium complex. I spoke with a receptionist in the lobby of the condominium facility. She confirmed that Hugh Sonk lived there and placed a phone call to Mr. Sonk's unit but there was no answer.
>
> [….]
>
> On 5/2/17 at 6:59 p.m., I again attempted service of Mr. Sonk at 505 East Huron, Ann Arbor, MI. Although the lobby was closed, there was an automated phone system on the outside of the building which listed Mr. Sonk as a resident with a corresponding phone number. I called the number listed. A gentleman answered. I asked for Mr. Hugh Sonk. The man asked who was calling. I stated I had some documents for him, and the man replied that Mr. Sonk was not home and hung up.

(Amended Affidavit of Process Server Greg Reichelt at ¶¶ 1, 3, ECF #10 at Pg. ID 72-73.)

CSC also attempted to serve Sonk at Sonk's commercial address, but according to CSC's process server, that address was vacant:

> On 4/24/17 at 12:50 p.m., I attempted service at the business address of Sonk Data Products, Inc., a/k/a/ Peripheral Vision, 39201 Schoolcraft Road, Suite B14, Livonia, Michigan – the office [was] empty and the business [was] closed. I called the phone number for that office at 855-292-2924. This number [was] no longer in service for this business – it [was] a substance abuse hotline.

2

(*Id.* at ¶2, ECF #10 at Pg. ID 72.)

CSC now seeks the Court's permission to complete service of Sonk by "(i) leaving the [summons and Complaint] with the receptionist at 505 East Huron with instructions to deliver to Mr. Sonk, (ii) [mailing the summons and Complaint by] certified mail to 505 East Huron, return receipt requested, and (iii) [mailing the summons and Complaint by] first class mail to 505 East Huron, in plain white envelopes with no return address." (Mot. at ¶5, ECF #9 at Pg. ID 63.)

Federal Rule of Civil Procedure 4(h)(1) provides in relevant part that "a domestic or foreign corporation … must be served ... in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." In turn, Federal Rule of Civil Procedure 4(e)(1) provides that "an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made."

Michigan Court Rule 2.105 governs service of process in the State of Michigan. That rule provides in relevant part that process may be served on a resident or non-resident individual by:

1. delivering a summons and a copy of the complaint to the defendant personally; or

2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A)(1)-(2).

Michigan Court Rule 2.105(I) further provides that substituted service may be appropriate under some circumstances:

1. On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

2. A request for an order under the rule must be made in a verified motion dated not more than 14 days before it is filed. The motion must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

        3. Service of process may not be made under this subrule before entry of the court's order permitting it.

M.C.R. 2.105(I).

In Michigan, substituted service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* at 919.

Here, the Court concludes that the CSC's motion, supported by the amended affidavit of its process server, satisfies the requirements for substituted service under MCR 2.105(I) and Michigan law. As described above, CSC's process server twice attempted to serve Sonk at the address of its registered office – which is also the residential address of Sonk's registered agent – and CSC also attempted to serve Sonk at its commercial address. Thus, CSC has acted with diligence in its attempt to serve Sonk. Moreover, the three ways in which CSC requests to serve Sonk, when considered collectively, appear "reasonably calculated to give [Sonk] actual notice of the proceedings and an opportunity to be heard." M.C.R. 2.105(I).

Accordingly, for all the reasons stated above, CSC's *ex parte* motion for substituted service (ECF #9) is **GRANTED** as follows: CSC shall serve Sonk with a copy of (1) a summons, (2) the Complaint, and (3) this Order by the three following methods:

- Leaving the summons, Complaint, and this Order with the receptionist at 505 East Huron, Ann Arbor, Michigan 48014 with instructions to deliver those documents to Mr. Sonk;

- Mailing the summons, Complaint, and this Order to 505 East Huron, Ann Arbor, Michigan 48014 via certified mail, return receipt requested; and

- Mailing the summons, Complaint, and this Order to 505 East Huron, Ann Arbor, Michigan 48014 via first class mail, in a plain white envelope with no return address.

CSC shall also file Certificates of Service with the Court after it serves Sonk as directed in this Order.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 21, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 21, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113